THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY SHAW and THOMAS MCCARTHY, MICHELLE M. CHEVALIER-FLICK, MARK SPIVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCHELL & KAMPETER, INC. d/b/a/ DIAMOND PET FOODS INC.,<br><br>Defendants. | Case No. 2:20-cv-01620-RAJ<br><br>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>**NOTED FOR CONSIDERATION: AUGUST 20, 2021, 9:00 A.M.** |

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF CONTENTS

Page No.:

I. INTRODUCTION ................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................... 1

    A. Factual and procedural background ......................................................... 1

III. AUTHORITY AND ARGUMENT ....................................................................... 2

    A. Plaintiffs and Class Counsel have adequately represented the class ....... 3

    B. The Settlement is the result of arm's-length, non-collusive negotiations ............... 3

    C. The relief provided for the Class is adequate .......................................... 4

        1. The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal ....................................... 4

        2. Approved Claimants will receive cash payments reimbursing them for their product purchases with proof of purchase, and Claimants who had no proof of purchase will receive a cash payment .............................................................................................. 6

        3. Class Counsel's requested attorneys' fees are reasonable ................ 6

    D. The Settlement bears no factual resemblance to Briseño v. Henderson ............... 7

    E. The Settlement treats Class Members equitably relative to each other .................. 8

    F. The reaction of the Class was positive ..................................................... 8

    G. The Court-Ordered Notice Program is constitutionally sound ............... 9

    H. The Settlement Class should be finally certified .................................. 10

    I. Class Counsel's requested fees and the Class Representatives' requested service awards should be approved ........................................ 11

IV. CONCLUSION .................................................................................................... 11

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - i
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLE OF AUTHORITIES

**Page No.:**

**FEDERAL CASES**

*Allen v. Bedolla*,
  787 F.3d 1218 (9th Cir. 2015) .................................................................................................. 6

*Baker v. SeaWorld Ent., Inc.*,
  No. 14-CV-02129-MMA-AGS, 2020 WL 4260712 (S.D. Cal. July 24, 2020) ......................... 9

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) ........................................................................................... 9

*Briseño v. Henderson*,
  998 F.3d 1014 (9th Cir. 2021) ............................................................................................. 7, 8

*Churchill Vill., L.L.C. v. Gen. Elec.*,
  361 F.3d 566 (9th Cir. 2004) ................................................................................................ 3, 9

*Fossett v. Brady Corp.*,
  No. EDCV162572PASPX, 2021 WL 2273723 (C.D. Cal. Mar. 23, 2021) .............................. 8

*Gehrich v. Chase Bank USA, N.A.*,
  316 F.R.D. 215 (N.D. Ill. 2015) ................................................................................................ 8

*In re Austrian & German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000) ........................................................................................ 9

*In re Online DVD-Rental Antitrust Litig.*,
  779 F.3d 934 (9th Cir. 2015) .................................................................................................... 4

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,
  895 F.3d 597 (9th Cir. 2018) ................................................................................................ 3, 8

*Lerma v. Schiff Nutrition Int'l, Inc.*,
  No. 11CV1056-MDD, 2015 WL 11216701 (S.D. Cal. Nov. 3, 2015) ..................................... 5

*Marty v. Anheuser-Busch Cos.*,
  No. 13-CV-23656-JJO, 2015 WL 10858371 (S.D. Fla. Oct. 22, 2015) ................................... 4

*Morgan v. Childtime Childcare, Inc.*,
  No. SACV1701641AGKESX, 2020 WL 218515 (C.D. Cal. Jan. 6, 2020) ............................. 9

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - ii
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .................................................................................. 9

*Ortiz v. Fiberboard Corp.*,
  527 U.S. 815 (1999) ....................................................................................................... 4

*Retta v. Millennium Prod., Inc.*,
  No. CV15-1801 PSG AJWX, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) ....................... 5, 8

*Rodriguez v. West Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ........................................................................................ 5, 9

*Schneider v. Chipotle Mexican Grill, Inc.*,
  336 F.R.D. 588 (N.D. Cal. 2020) .................................................................................... 4

*Theodore Broomfield v. Craft Brew All., Inc.*,
  No. 17-CV-01027-BLF, 2020 WL 1972505 (N.D. Cal. Feb. 5, 2020) ............................... 4

**RULES**

Fed. R. Civ. P. 23(a) ............................................................................................................ 10

Fed. R. Civ. P. 23(b)(3) ........................................................................................................ 10

Fed. R. Civ. P. 23(c)(2)(B) ..................................................................................................... 9

Fed. R. Civ. P. 23(e)(1) ........................................................................................................ 10

Fed. R. Civ. P. 23(e)(2) ................................................................................................... 2, 3, 4

Fed. R. Civ. P. 23(e)(2)(C)(ii) ................................................................................................ 6

Fed. R. Civ. P. 23(e)(2)(C)(iii) ............................................................................................... 6

Fed. R. Civ. P. 23(e)(2)(D) ..................................................................................................... 8

Fed. R. Civ. P. 23(e)(3) .......................................................................................................... 3

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - iii
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Plaintiffs Bradley Shaw, Thomas McCarthy, Michelle M. Chevalier-Flick, and Mark Spivey request the Court grant final approval of the class action Settlement that they reached with Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods Inc. ("Diamond" or "Defendant"). Plaintiffs and their counsel are of the opinion that the Settlement—which requires Defendant to pay up to $4,000,000 and make important label changes to its products—is fair, adequate, and reasonable, and in the best interests of the Settlement Class.

The Settlement is an excellent result for the Settlement Class. The $4,000,000 constructive common fund will be used to provide substantial refunds to Settlement Class Members whose product purchases were verified or who do not have proof of purchase. The Settlement also requires Defendant to significantly change its labels on certain products at issue.

Because the requirements of Federal Rules of Civil Procedure 23(e) and (h) are satisfied, Plaintiffs request the Court grant final approval of the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel $1,150,376 in attorneys' fees and $49,624 in costs; and (5) approving service awards for the Class Representatives not to exceed $5,000 each.

## II. STATEMENT OF FACTS

**A.    Factual and procedural background.**

Plaintiffs brought this class action alleging they paid a premium price for "grain free" pet foods based on Defendant's false, deceptive and misleading advertising of their pet foods as "grain free," when they were not "grain free."[1] Plaintiffs alleged that as result of these false, deceptive and misleading representations on the product's labels they paid a price premium that

---

[1] The procedural history related to the filing by *Spivey* in United States District Court for the Central District of California, Case No. 8:20-cv-01788 and this action are set forth in the Motion for Preliminary Approval of the Settlement and supporting declarations of counsel. Dkt. No.30-33.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 1
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

they otherwise would not have paid had they known the truth about the products' ingredients. Dkt. No 1.

Before filing the Complaints in *Spivey* and *Shaw*, Class Counsel conducted in depth testing using an expert to verify that the products were not grain free as represented, warranted, and promised. Dkt. No 50 ¶ 2. After filing their Complaints, Plaintiffs were approached by Defendant regarding a potential global resolution. *Id.* ¶ 6. The parties then engaged in a mediation which was unsuccessful. However, the parties continued to keep the lines of communication open and mediated again with Judge Welsh in hope to come to an agreement. *Id.* ¶ 7. At mediation, the case did not settle; however, with numerous follow-up conversations and discussions afterwards, the material terms of the Settlement were reached. *Id.* ¶ 8. The parties did not discuss attorneys' fees, costs, or service awards until the material terms of the Settlement were agreed upon. *Id.* This includes the definition of the class, the scope of the released claims, and the injunctive relief. *Id.*

On April 15, 2021, Plaintiffs moved for preliminary approval of the Settlement. Dkt. No. 30-33. On April 23, 2021, the Court entered an order preliminarily approving the Settlement. Dkt. No. 41.

### III.    AUTHORITY AND ARGUMENT

Rule 23(e) provides that courts should grant final approval to class action settlements that are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The 2018 amendments to Rule 23 articulate a four-factor test the intent of which is to "focus the court and the lawyers on the core concerns of procedure and substance that should guide the decision …." Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendments.

Under Rule 23(e)(2), the Court may approve a class action settlement "only after a hearing and only on finding that it is fair, reasonable, and adequate" after considering whether (1) the class representative and class counsel have adequately represented the class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims, (iii) the

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 2
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

terms of any proposed award of attorney's fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3); and (4) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

The factors in Rule 23 are consistent with and embody those previously identified by the Ninth Circuit as guides to determining whether a proposed settlement is fair, adequate, and reasonable. The factors previously discussed by the Ninth Circuit are: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575–76 (9th Cir. 2004). The Ninth Circuit has characterized these factors as "guideposts" and explained that "[d]eciding whether a settlement is fair" is "best left to the district judge who can develop a firsthand grasp of the claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the case." *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 895 F.3d 597, 611 (9th Cir. 2018).

**A.  Plaintiffs and Class Counsel have adequately represented the class.**

The Court previously found that Plaintiffs and their counsel are capable of fairly and adequately protecting the interests of the members of the Settlement Class in connection with the Settlement Agreement. Dkt. No. 41 at ¶ 3. Nothing has changed. Plaintiffs and Class Counsel have continued to vigorously represent the class and have no conflicts of interest with any Settlement Class Members. Each Class Representative helped with investigating the claims that are the subject of the Settlement, communicated thoroughly with Class Counsel regarding their claims, and reviewed, provided input and approved the Settlement. Dkt. No. 50 at ¶ 22.

**B.  The Settlement is the result of arm's-length, non-collusive negotiations.**

The parties negotiated the Settlement at arm's length, during several months of settlement negotiations and two mediation sessions before highly respected mediators. "[O]ne may take a

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 3
Case No. 2:20-cv-01620-RAJ

Terrell Marshall Law Group PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

settlement amount as good evidence of the maximum available if one can assume that parties of equal knowledge and negotiating skill agreed upon the figure through arms-length bargaining." *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 852 (1999); *see also* Fed. R. Civ. P. 23(e)(2) advisory committee's note to 2018 amendment ("the involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether they were conducted in a manner that would protect and further the class interests").

Class Counsel negotiated the Settlement with the benefit of many years of prior experience and a solid understanding of the facts and law of this case. Dkt. No 50 at ¶¶ 2-15, Dkt. No 53 at ¶¶ 6-21, Dkt. No 55 at ¶¶ 2-9. Class Counsel have extensive experience litigating and settling class actions, including consumer protection and false labeling claims in particular. *Id.* They believe the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class as a whole.

**C.     The relief provided for the Class is adequate.**

In determining whether the relief provided to the Settlement Class is adequate, courts must balance the strength of the plaintiff's case against the risk, expense, complexity, and likely duration of further litigation. *See In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

1.     <u>The relief provided by the Settlement is adequate in light of the costs, risks, and delay of trial and appeal.</u>

The monetary benefits secured in the Settlement exceed similar settlements approved by other courts. *See, e.g., Marty v. Anheuser-Busch Cos.*, No. 13-CV-23656-JJO, 2015 WL 10858371, at *2 (S.D. Fla. Oct. 22, 2015) (providing for $.50 to $1.75 per unit for multi-bottle packs of beer, capped at $50 per Settlement Class Household with proof of purchase or $12 without proof of purchase); *Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2020 WL 1972505, at *9 (N.D. Cal. Feb. 5, 2020) (providing for relief of $1.25 to 2.75 for a maximum of $10 without proof of purchase or $20 with proof of purchase); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588 (N.D. Cal. 2020) (providing for relief of $10 for class members without proof of purchase, $20 with proof of purchase up to a maximum of $30 per household); *Retta v.*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 4
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Millennium Prod., Inc.,* No. CV15-1801 PSG AJWX, 2017 WL 5479637 (C.D. Cal. Aug. 22, 2017) (providing for relief of up to $35 cash or $35 in vouchers without proof of purchase, and $60 in cash or up to $60 worth of vouchers with proof of purchase); *Lerma v. Schiff Nutrition Int'l, Inc.*, No. 11CV1056-MDD, 2015 WL 11216701 (S.D. Cal. Nov. 3, 2015) (providing relief of $22 without proof of purchase and $46 with proof of purchase).

The Settlement also provides benefits to all Settlement Class Members in the form of significant injunctive relief that requires the defendant to state on the labels of the Nature's Domain products at issue: "The facility in which this food is made also makes food that may contain other ingredients, such as grains. Trace amounts of these other ingredients may be present." Settlement Agreement IV.A.1. As a result of this Settlement, Settlement Class Members and consumers will now be informed that the products they are purchasing for their pets may contain grain, and can make an informed decision as to whether to purchase the food or not.

Plaintiffs have been confident in the merits of their case, but are well aware that litigation can be unpredictable and that Defendant intended to aggressively pursue defenses available to it. Among other things, Defendant argues that Plaintiffs lack standing, that the representations are not deceptive or misleading to a reasonable consumer, and that the class got what they paid for and had no damages. Moreover, Plaintiffs still had several hurdles to clear before resolution through further litigation, including extensive discovery, class certification, dispositive motions, expert discovery and reports, and ultimately trial and any appeal that followed. And even assuming Plaintiffs successfully certified the class, Defendant could have moved to decertify or appeal after trial. Plaintiffs also faced the ongoing risk that any payments to the Settlement Class would be substantially delayed by appeals, that could have lasted for years.

Litigating this case to trial and through appeals would be expensive and time-consuming and would present risks to both parties. The Settlement, by contrast, provides prompt and certain relief for Settlement Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 5
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

2. <u>Approved Claimants will receive cash payments reimbursing them for their product purchases with proof of purchase, and Claimants who had no proof of purchase will receive a cash payment.</u>

Rule 23(e)(2)(C)(ii) requires consideration of the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims.

Claimants with proof of purchase or without proof of purchase can submit an online claim or mail in a paper claim. Settlement Agreement IV.B.6. Thus far the settlement administrator has received 20,554 claims. Finegan Decl. ¶ 24. Valid claims will be paid by prepaid Mastercard, Paypal, Venmo, Direct deposit, Zelle, or check at the Settlement Class Member's choosing. *Id.* ¶ 11. Hence, given the variety of modern and suitable options for distributing relief to the Settlement Class Members, the methods of proposing and distributing relief for the Settlement are proper and up to date for Rule 23 purposes.

3. <u>Class Counsel's requested attorneys' fees are reasonable.</u>

Under Rule 23(e)(2)(C)(iii), the Court should consider "the terms of any proposed award of attorney's fees, including timing of payment." The Settlement Agreement provides that attorneys' fees and costs shall be paid by the Defendant in an amount approved by the Court up to $1,200,000. Settlement Agreement V.A. Class Counsel seek a fee award of $1,150,376, which is approximately 28.8% of the constructive common fund created for the class. *See* Dkt. No. 48, p. 12. The lodestar-multiplier method confirms the propriety of the requested fee here as set forth in Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards. *See* Dkt. No. 48, p. 9-13.

Further, as stated before, the Settlement contains no "clear sailing" provision. *See Allen v. Bedolla*, 787 F.3d 1218, 1224 (9th Cir. 2015) (a clear sailing provision is "an arrangement where defendant will not object to a certain fee request by class counsel."). Though free to do so, no Settlement Class Member has objected to the award sought by Class Counsel. Finegan Decl. ¶ 23. Plaintiffs' application for attorneys' fees and costs with supporting documentation was posted to the Settlement Website after it was filed with this Court so that Settlement Class Members could have easy access to these materials. *Id.* ¶ 21.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 6
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

D.     **The Settlement bears no factual resemblance to *Briseño v. Henderson*.**

The settlement in *Briseño v. Henderson*, 998 F.3d 1014 (9th Cir. 2021), a case recently decided in the Ninth Circuit, has no resemblance to the facts of the Settlement other than it involved a product mislabeling settlement. In *Briseño*, the Plaintiffs negotiated a $0.15 "per unit" award for Class Members up to a maximum of $4.5 dollars per household without proof of purchase and unlimited claims without proof of purchase for certain models of cooking oil. Further, there was a "clear sailing arrangement" and a "kicker" agreement where Class Counsel asked for nearly $6,850,000 in attorneys' fees while the class payout was approximately $1,000,000 at the conclusion of the claims period. Further, the injunctive relief secured required Conagra to refrain from marketing its Wessen Oil as "100% Natural" despite it already agreeing to remove the "100 % Natural" representation prior to the settlement. In addition, the injunctive relief only required Conagra, and not the new purchaser of the Wessen Oil, Richardson, to abide by the injunctive relief provision. Hence, Richardson could use the "100% Natural" label at any time it wished without being bound to the terms of the settlement that prohibited the use of the "100% Natural" representation. In sum, the Ninth Circuit held the settlement did not warrant final approval.

The terms of this Settlement do not resemble any of the terms outlined by the court in *Briseño*. First, the relief secured in this case is significantly greater than in *Briseño*: $10 without proof of purchase and up to $100 with proof of purchase. These amounts dwarf the $0.15 per unit amount in *Briseño* as it would take 666 purchases under the .15 per unit relief secured in *Briseño* to reach the $100 amount secured in this case for a proof of purchase claim. Second, there is no "clear sailing arrangement" and there has never been any type of "kicker" clause in this settlement. Any attorney fees awarded by the Court would not reduce any Settlement Class Member's relief or recovery since the Settlement is a claims made settlement with a cap. Lastly, the value and substance of the injunctive relief secured in this settlement far exceeds the injunctive relief secured in *Briseño*. In the Settlement, Diamond must implement the label changes on all of the 25 products included in the Settlement, that it continues to sell, for at least two years after the Effective Date. To be conservative and cautionary in its valuation of the injunctive relief secured, Plaintiffs' expert

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 7
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

only valued the injunctive relief of the Nature's Domain products given Diamond had already started making label changes to certain Taste of the Wild products covered by the Settlement but prior to when this Settlement was reached. Accordingly, the injunctive relief valuation provided by Plaintiffs' expert only included products that Class Counsel was absolutely certain Diamond had not already agreed to change the label for. There is nothing illusory about the injunctive relief secured in this settlement as it requires Diamond to make a prominent disclosure on all of the products covered by this Settlement for a significant period moving forward. In short, this case has no resemblance to the facts in *Briseño* and final approval should be granted.

**E.    The Settlement treats Class Members equitably relative to each other.**

Under Rule 23(e)(2)(D), the Court must consider whether the Settlement Agreement treats Settlement Class Members equitably relative to each other. Each Settlement Class Member's share will be based on his or her actual damages. Settlement Class Members with verified product purchases will receive a higher amount of their actual damages, while Settlement Class Members without proof of purchase will receive less. Settlement Agreement IV.B.1. This Settlement structure mirrors structures approved as fair and reasonable in prior food mislabeling cases. *See, e.g., Retta*, 2107 WL 5479637 (approving settlement fund from which class members could claim differing amounts in either cash or product vouchers based on whether they could provide proof of purchase); *In re Volkswagen "Clean Diesel" Mktg.*, 895 F.3d at 607–609 (9th Cir. 2018) (affirming certification of settlement class and final approval of settlement where settlement class members with weaker claims likely benefitted from inclusion in a class with members who had stronger claims); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 225 (N.D. Ill. 2015) (when some class members have stronger claims than others, it is appropriate to provide larger settlement awards to those class members.).

**F.    The reaction of the Class was positive.**

"[T]he absence of a large number of objections to the proposed class action settlement raises a strong presumption that the terms ... are favorable to the class members." *Fossett v. Brady Corp.*, No. EDCV162572PASPX, 2021 WL 2273723, at *9 (C.D. Cal. Mar. 23, 2021) (quoting

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 8
Case No. 2:20-cv-01620-RAJ

**Terrell Marshall Law Group PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004)). The absence of many objectors supports the fairness, reasonableness, and adequacy of the settlement. *Baker v. SeaWorld Ent., Inc.*, No. 14-CV-02129-MMA-AGS, 2020 WL 4260712, at *8 (S.D. Cal. July 24, 2020). *See In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 175 (S.D.N.Y. 2000) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.") (citations omitted).

Despite there being thousands of Settlement Class Members, not a single Settlement Class Member objected and only one excluded himself from the Settlement. Finegan Decl. ¶ 23. This represents an overwhelmingly positive reaction to the terms of the Settlement given the significant number of Settlement Class Members at issue. The lack of significant objection and exclusion illustrates the Settlement Class Member's satisfaction with the terms of the Settlement. *See Morgan v. Childtime Childcare, Inc.*, No. SACV1701641AGKESX, 2020 WL 218515, at *2 (C.D. Cal. Jan. 6, 2020) ("Lack of objection speaks volumes for a positive class reaction to the settlement. The Court thus finds the settlement is fair, reasonable, and adequate."). Settlements with far more objections have received final approval. *See Churchill Vill.*, 361 F.3d 566, 577 (9th Cir. 2004) (affirming final approval where "only 45" of the approximately 90,000 notified class members objected and 500 opted out); *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 624 (N.D. Cal. 1979) (finding "persuasive" the fact that 84% of the class has filed no opposition); *Rodriguez*, 563 F.3d at 967 (approving district court's finding of "favorable reaction" to settlement where, 52,000 class members submitted claims and 54 objected).

**G.    The Court-Ordered Notice Program is constitutionally sound.**

Rule 23(e)(1) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement. Fed. R. Civ. P. 23(e)(1). Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B).

Here, the Notice Program consisted of multiple components designed to reach no less than 83 percent of the target audience, and included (1) targeted online display banner advertising; (2)

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 9
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

"Keyword Search" targeting class members; (3) a press release; (4) social media advertising on Facebook, Instagram, and Twitter; (5) a settlement informational website; and (6) a 24-hour, 7-day a week toll-free information telephone line. Finegan Decl. ¶ 7. The Settlement Website contained documents relevant to the Settlement and responses to frequently asked questions and provided a toll-free telephone number and email address Settlement Class Members could use to contact the Administrator. *Id.* 21-22. Kroll received 206 calls and tracked more than 381,000 views of the Settlement Website. *Id.*

Kroll also implemented a digital banner advertising campaign that employed a programmatic approach across multi-channel and inventory sources including a collection of premium quality partner web properties targeting known in-market and past purchasers of dry dog food, wet dog food and wet cat food. *Id.* ¶ 14. Display ads were served to this target group across a whitelist of more than 4,000 pre-vetted websites and multiple exchanges. *Id.* These ads are device agnostic and appeared across desktop, laptop, or mobile device. *Id.* The online ads provided information for visitors to self-identify as potential Class Members, where they may "click" on the banner and then link directly to the Settlement Website for more information regarding the Settlement and important deadlines and documents, including downloadable copies of the full Notice and Claim Form, and where they may submit a Claim Form. *Id.* ¶ 15. Kroll also retargeted users who had previously visited the Settlement Website but had not filled out a claim form and sent them additional notice reminders to take action, *i.e*, revisiting the website. *Id.* Kroll estimates that the publication notice and online notice, combined with the online media program reached 83% of the Class (*id.* ¶ 25), satisfying Rule 23 requirements and due process.

**H.    The Settlement Class should be finally certified.**

In its Preliminary Approval Order, the Court conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(a) and (b)(3). Dkt. No. 41 at ¶¶ 3-4. The requirements of both Rule 23(a) and (b)(3) remain satisfied. For all of the reasons set forth in the Court's Preliminary Approval Order, Dkt. No. 41, and Plaintiffs' motion to approve notice to the Settlement Class, Dkt. No. 30 at p. 19-22, the Court should finally certify the Settlement Class.

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 10
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**I.  Class Counsel's requested fees and the Class Representatives' requested service awards should be approved.**

Not one Settlement Class Member objected to Class Counsel's request for reasonable attorneys' fees, and service awards to Class Representatives Bradley Shaw, Thomas McCarthy, Michelle M. Chevalier-Flick, and Mark Spivey. For all the reasons set forth in Plaintiffs' Motion for Attorneys' Fees, Costs and Service Awards, Dkt. No. 48, Class Counsel respectfully request that the Court award (1) Class Counsel's request for $1,150,376 in attorneys' fees and reimbursement of $49,624 in costs; and (2) Class Representative service awards in the amount of $5,000 each in recognition of their service to the Settlement Class.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel attorneys' fees of $1,150,376 and reimbursement of $49,624 in costs; and (5) approving service awards in the amount of $5,000 to each Class Representative.

RESPECTFULLY SUBMITTED AND DATED this 6th day of August, 2021.

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Jennifer Rust Murray, WSBA #36983
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Jennifer Rust Murray, WSBA #36983
Email: jmurray@terrellmarshall.com
Benjamin M. Drachler, WSBA #51021
Email: bdrachler@terrellmarshall.com
Ryan Tack-Hooper, WSBA #56423
Email: rtack-hooper@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 11
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Alex Straus, *Pro Hac Vice Forthcoming*
Email: astraus@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS
  GROSSMAN, PLLC
280 Beverly Drive, Penthouse
Beverly Hills, California 90212
Telephone: (310) 450-9689
Facsimile: (310) 496-3176

Arthur Stock, *Admitted Pro Hac Vice*
Email: astock@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS
  GROSSMAN, PLLC
First Tennessee Plaza
800 South Gay Street, Suite 1100
Knoxville, Tennessee 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

Nick Suciu III, *Admitted Pro Hac Vice*
Email: nicksuciu@bmslawyers.com
BARBAT, MANSOUR, SUCIU & TOMINA PLLC
6905 Telegraph Road, Suite 115
Bloomfield Hills, Michigan 48301
Telephone: (313) 303-3472

J. Hunter Bryson, *Admitted Pro Hac Vice*
Email: hbryson@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS
  GROSSMAN, PLLC
900 West Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035

Charlie Schaffer, *Admitted Pro Hac Vice*
Email: cschaffer@lfsblaw.com
David C. Magagna Jr., *Admitted Pro Hac Vice*
Email: dmagagna@lfsblaw.com
LEVIN, SEDRAN & BERMAN, LLP
510 Walnut Street, Suite 500
Philadelphia, Pennsylvania 19106
Telephone: (215) 592-1500

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 12
Case No. 2:20-cv-01620-RAJ

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Jonathan Shub, *Admitted Pro Hac Vice*
Email: jshub@kohnswift.com
Kevin Laukaitis
Email: klaukaitis@kohnswift.com
SHUB LAW FIRM, LLC
134 Kings Hwy. E., 2nd Floor
Haddonfield, New Jersey 08033
Telephone: (856) 772-7200

Gary E. Mason, *Admitted Pro Hac Vice*
Email: gmason@masonllp.com
Danielle L. Perry
Email: dperry@masonllp.com
MASON LIETZ & KLINGER LLP
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016

Jeffrey S. Goldenberg
Email: jgoldenberg@gs-legal.com
GOLDENBERG SCHNEIDER L.P.A.
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45242
Telephone: (513) 345-8291

Philip Friedman
Email: psf@consumerlawhelp.com
FRIEDMAN LAW OFFICES
2001 L Street NW, Suite 400
Washington, DC 20036
Telephone: (202) 293-4175

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT - 13
Case No. 2:20-cv-01620-RAJ

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com