THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRADLEY SHAW and THOMAS MCCARTHY, MICHELLE M. CHEVALIER-FLICK, MARK SPIVEY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SCHELL & KAMPETER, INC. d/b/a/ DIAMOND PET FOODS,<br><br>Defendant. | Case No. 2:20-cv-01620-RAJ<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

This matter came before the Court upon consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Awards. After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order and Judgment ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Class. It is **HEREBY ORDERED** that the motions are **GRANTED**, the Class is certified, the Settlement Agreement is finally approved, Class Counsel are awarded $1,150,376 in fees and $49,624 in costs, and Service Awards are approved in the amount of $5,000 each for Plaintiffs Bradley Shaw, Thomas McCarthy, Michelle Chevalier-Flick, and Mark Spivey ($20,000 total).

**WHEREAS**, on April 15, 2021, Plaintiffs filed the Settlement Agreement (Dkt. No. 31 at Ex. 1), which set forth the terms and conditions of the Settlement and release of certain claims (i.e., the Released Claims) against Defendant and all other Released Parties ("Settlement");

**WHEREAS**, Plaintiffs and Class Counsel have filed motions, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order finally approving the Settlement Agreement, which will dismiss this Action with prejudice, and granting Class Counsel's request for an award of fees and costs, and Service Awards to Plaintiffs;

**WHEREAS**, the Court entered an order preliminarily approving the Settlement on April 23, 2021 (Dkt. No. 41), referred to herein as the "Preliminary Approval Order," and notice was given to Settlement Class Members in accordance with the Preliminary Approval Order;

**WHEREAS**, the Court has reviewed and considered all papers filed in support of the Settlement and all exhibits thereto and, after notice to the Settlement Class, held a hearing on August 20, 2021 ("Final Approval Hearing"), at which time the Parties and all interested persons were heard in support of and in opposition to the Settlement; and

**WHEREAS**, upon consideration of the above, the Court finds that the Settlement is fair, adequate, and reasonable to the Settlement Class, within the authority of the parties, and the result of extensive arm's-length negotiations.

**THEREFORE,** the following is **HEREBY ORDERED**:

1.  The Court has jurisdiction over the subject matter of this Action and personal jurisdiction over the parties and the Settlement Class. The definitions and provisions of the Settlement Agreement are incorporated in this Order as though fully set forth herein.

2.  Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of settlement only, the Settlement Class is certified as follows: All persons residing in the United States who purchased the Products primarily for personal, family or household purposes, and not for resale, prior to the preliminary approval of the settlement, between the dates of four years prior to the filing of the First Amended Complaint and the date of Preliminary Approval of the Settlement by the Court. Excluded from the Settlement Class are jurists,

mediators, plaintiffs' or defense counsel and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Defendant, any entity in which Defendant has a controlling interest, any of Defendant's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; Costco, any entity in which Costco has a controlling interest, any of Costco's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family; and Alvin Lee Bowen Jr. who timely opted out of the Settlement Class.

3.  For purposes of settlement, the Court appoints Plaintiffs Bradley Shaw, Thomas McCarthy, Michelle Chevalier-Flick, and Mark Spivey as "Class Representatives."

4.  For purposes of settlement, the Court appoints the attorneys at Terrell Marshall Law Group PLLC; Milberg Coleman Bryson Phillips Grossman, PLLC; Barbat, Mansour, Suciu & Tomina PLLC; Levin, Sedran & Berman, LLP; Shub Law Firm, LLC; Mason Lietz & Klinger LLP; Goldenberg Schneider L.P.A.; and Philip Friedman as Class Counsel.

5.  With respect to the Settlement Class, this Court finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims of the Class Representatives, identified above, are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the members of the Settlement Class predominate over the questions affecting only individual members; and (f) certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds that: (g) the members of the Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) it is desirable to concentrate the claims in this forum; and (i) it is unlikely that there will be difficulties encountered in administering this Settlement.

If the Settlement terminates for any reason, the certification of the Settlement Class shall be automatically vacated, null and void, and this Action shall revert to its status immediately prior to the execution of the Settlement Agreement.

6. The Court finds that the notice given to Settlement Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted valid, sufficient, and due notice. The notice complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.

7. Settlement Class Member Alvin Lee Bowen Jr., who timely requested that he be excluded from the Settlement Class, is excluded from the Settlement Class.

8. The Settlement requires Defendant to pay up to $4,000,000 to compensate Settlement Class Members who submit timely and valid claim forms. A claimant with proof of purchase can receive $10.00 for each product purchased up to $100.00 and a claimant without proof of purchase can receive $5.00.

9. The Settlement also provides prospective relief. Defendant has agreed to state on the labels of the products at issue, for a period of two years, the following language, or some statement substantially equivalent: "The facility in which this food is made also makes food that may contain other ingredients, such as grains. Trace amounts of these other ingredients may be present." As a result of this Settlement, Settlement Class Members and consumers will now be informed that the products they are purchasing for their pets may contain trace amounts of grain, and can make an informed decision as to whether to purchase the food or not.

10. The Court finally approves this Settlement, and finds that it is in all respects fair, reasonable, and adequate and in the best interest of the Settlement Class Members. The Parties dispute the merits of the claims in the Action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, and adequate. Had they continued to litigate, Settlement Class Members faced the challenge of certifying a litigation class, defeating summary judgment, and convincing a jury that

Defendant should be held responsible for misrepresenting the quality of several products. They also would have had to survive appeals of any class certification order, summary judgment rulings, or other rulings rendered during trial. Class Counsel, who have significant experience litigating and settling these types of claims, have reviewed the Settlement Agreement and find it to be in the best interest of Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approving the Settlement. In making this determination, the court has considered the criteria set forth in the Federal Rule of Civil Procedure 23, and the factors outlined in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575-76 (9th Cir. 2004).

11. The Parties, their counsel, and the Settlement Administrator shall fulfill their obligations and duties under the Settlement Agreement.

12. The Court dismisses with prejudice this Action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

13. The Court adjudges that Plaintiffs and Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

14. Plaintiffs and Settlement Class Members are permanently enjoined and barred from asserting, initiating, prosecuting, or continuing any of the Released Claims against the Released Parties.

15. The Settlement Administrator executed the Notice Plan according to the terms of the Settlement Agreement and in compliance with the Preliminary Approval Order. The notices apprised the Settlement Class members of the pendency of the litigation; of all material elements of the proposed Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement; of the res judicata effect on Settlement Class Members and of their opportunity to object to, comment on, or opt out of, the Settlement; of the identity of Class

1  Counsel and Class Counsel's contact information; and of the right to appear at the Final
2  Approval Hearing. The Notice Plan prescribed by the Settlement Agreement was reasonable and
3  provided due and adequate notice of these proceedings and of the matters set forth therein,
4  including the terms of the Settlement Agreement, to all parties entitled to notice. The notice
5  satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of
6  constitutional due process. The notices were reasonably calculated under the circumstances to
7  apprise Settlement Class Members of the pendency of this Action, all material elements of the
8  Settlement, and their opportunity to exclude themselves from or object to the Settlement and to
9  appear at the final fairness hearing. The Court has afforded a full opportunity to all Settlement
10 Class Members to be heard. Accordingly, the Court determines that all Settlement Class
11 Members are bound by this Final Approval Order.

12    16.    Within ten (10) days after the filing of the proposed Settlement Agreement in the
13 Court, a notice of the proposed Settlement was served upon the appropriate state official of each
14 State in which a Settlement Class member resides and upon the Attorney General of the United
15 States. The Court finds that the notice provided satisfied the requirements of 28 U.S.C. § 1715(b)
16 and that more than ninety days have elapsed since the required notice was provided, as required
17 by 28 U.S.C. § 1715(d).

18    17.    The Court approves payment of attorneys' fees in the amount of $1,150,376 and
19 costs in the amount of $49,624. These amounts shall be paid by Defendant pursuant to the terms
20 of the Settlement Agreement. The Court finds these amounts to be appropriate and reasonable in
21 light of the work performed by Class Counsel and the benefits obtained by Settlement Class
22 Members. In addition, the Court finds that the Settlement Agreement was negotiated at arms'
23 length and without collusion.

24    18.    The Court approves the service fee payment of $5,000 each for Class
25 Representatives Bradley Shaw, Thomas McCarthy, Michelle Chevalier-Flick, and Mark Spivey
26 ($20,000 total) and specifically finds that amount to be reasonable in light of the service
27

performed by the Class Representatives for the class. Defendant shall pay the Service Awards in accordance with the terms of the Settlement Agreement.

19. Neither this Final Approval Order nor the Settlement Agreement is an admission or concession by Defendant or any Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. This Final Approval Order and the Settlement Agreement do not constitute a concession and shall not be used as an admission or indication of any wrongdoing, fault or omission by Defendant, the Released Parties or any other person in connection with any transaction, event or occurrence, and neither this Final Approval Order nor the Settlement Agreement nor any related documents in this proceeding, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this Final Approval Order, the Settlement Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Settlement Agreement. This Final Approval Order also does not constitute any opinion or position of the Court as to the merits of the claims and defenses related to this Action.

20. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Plaintiffs' Counsel, Class Representatives, or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the

basis of, arising from, or relating to the allegations or claims in the Action, including that the Products were misleadingly labeled, marketed, or sold, or that relate to the labeling and marketing of the Products, or that relate to the labeling and marketing of the Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Products.

21.     If the Effective Date does not occur because this Order is reversed on appeal or for any other reason, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no Settlement had been negotiated or entered into and thus this Final Approval Order and all other findings or stipulations regarding the Settlement shall be automatically void, vacated, and treated as if never filed.

22.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement, including implementation and enforcement of the Settlement Agreement.

23.     There were no objections to the Settlement.

24.     The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval Order and separate Judgment be entered as final and appealable and the case dismissed with prejudice.

**THEREFORE,** the Clerk of the Court is **HEREBY ORDERED** to enter this Final Approval Order and Judgment.

IT IS HEREBY ORDERED.

DATED this 4th day of October, 2021.

*[Signature: Richard A. Jones]*

The Honorable Richard A. Jones
United States District Judge